UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

MIRTHA GARCIA,                                             Case No.: 10-CV-24297 Altonaga/Brown

      Plaintiff,

vs.

ZAKHEIM & ASSOCIATES, P.A.,

      Defendant.                                    /

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, ZAKHEIM & ASSOCIATES, P.A., by and through undersigned counsel, hereby answers Plaintiff's, MIRTHA GARCIA, Complaint as follows:

1. In response to the allegations contained in Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to allege claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). Defendant denies it has violated the FDCPA or the FCCPA, and denies that it is liable to Plaintiff. All other allegations are denied.

**JURISDICTION**

2. In response to Paragraph 2 of the Complaint, Defendant admits that Plaintiff purports to allege jurisdiction within the jurisdiction of this Court. All other allegations are denied.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Defendant admits that Plaintiff purports to allege jurisdiction within this venue. Defendant is without knowledge as to

Case No.: 10-CV-24297- Altonaga/Brown

Plaintiff's residence. Defendant admits that it has conducted business in this District. All other allegations are denied.

## PARTIES

5. Defendant is without knowledge as to the allegations contained in Paragraph 5 of the Complaint, and therefore, denies same.

6. In response to the allegations in Paragraphs 6, 7, 8, and 9 of the Complaint, Defendant admits that it is sometimes construed as a "debt collector" as defined in the FDCPA. Defendant further admits that it uses the mail and telephone and admits that its business includes collecting amounts owed; but it is without knowledge as to whether the underlying amount at issue is a "debt" as defined by the FDCPA, and therefore denies all allegations that it is a "debt collector" or that it was attempting to collect a consumer "debt" from Plaintiff. All other allegations are denied.

## FACTUAL ALLEGATIONS

7. Defendant is without knowledge as to the allegations contained in Paragraph 10 of the Complaint, and therefore, denies same.

8. In response to the allegations of Paragraph 11 of the Complaint, Defendant admits that it was assigned for collection an amount owed by a Mirtha Garcia. Defendant is without knowledge of the remainder of the allegations and therefore denies the same.

9. In response to Paragraph 12 of the Complaint, Defendant is unaware for what purpose the account balance was incurred. All other allegations are denied.

10. Defendant is without knowledge as to the allegations contained in Paragraphs 13, 14, 15, 16, 17, and 18 of the Complaint, and therefore, denies same.

11. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

## COLLECTION CALLS

12. In response to the second numbered Paragraph 13 of the Complaint, Defendant states that it calls for a legal conclusion for which no response is required. In the event a response is required, the allegations are vague and ambiguous with respect to time and place. All other allegations are denied.

13. In response to the second numbered Paragraph 14 of the Complaint, Defendant states that the allegations are vague and ambiguous with respect to time and place. All other allegations are denied..

14. Defendant denies the allegations contained in the second numbered Paragraph 15 of the Complaint.

## SUMMARY

15. Defendant denies the allegations contained in the third numbered Paragraph 15, as well as the second numbered Paragraphs 17, and 18 of the Complaint.

## TRIAL BY JURY

16. In response to Paragraph 19 of the Complaint, Defendant admits that Plaintiff requests a trial by jury.

## CAUSES OF ACTION

## COUNT 1 -VIOLATIONS OF THE FDCPA

17. In response to the allegations in Paragraph 20 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in Paragraphs 1 through 19 of the Complaint.

18. Defendant denies the allegations contained in Paragraphs 21 and 22 of the Complaint.

Case No.: 10-CV-24297- Altonaga/Brown

**COUNT 2 - INVASION OF PRIVACY**

19. In response to the allegations contained in Paragraph 23 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in Paragraphs 1 through 19 of the Complaint.

20. In response to the allegations contained in Paragraphs 24 and 25 of the Complaint, the referenced statute and legal interpretations are the best evidence if the referenced statute's contents. To the extent that at response is required, the allegations call for a legal conclusion, and are denied.

21. Defendant denies the allegations of Paragraphs 26, 27, 28, 29 and 30 of the Complaint.

**COUNT 3 - VIOLATION OF FCCPA 559.72(5)**

22. Defendant denies the allegations contained in Paragraphs 31 and 32 of the Complaint.

**COUNT 4 - VIOLATION OF FCCPA 559.72(5)**

23. Defendant denies the allegations contained in the second Paragraph 31 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred or diminished because the damages alleged by Plaintiff may have been the result of superseding and/or intervening cause(s).

2. Defendant states that if it violated the FDCPA or FCCPA, which it denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

3. Plaintiff's claims are barred or diminished due to Plaintiff's failure to mitigate damages.

Case No.: 10-CV-24297- Altonaga/Brown

4. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations to the extent that the alleged violations occurred outside the 1 and 2 year limitations period of the FDCPA and FCCPA, respectively.

5. Defendant reserves the right to issue additional affirmative defenses which cannot be articulated at this time.

6. Defendant has retained the law firm of Hinshaw & Culbertson LLP to represent its interests and is obligated to pay said firm attorney's fees related to the same.

7. Defendant is entitled to the award of attorneys fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. §559.77.

WHEREFORE, Defendant, ZAKHEIM & ASSOCIATES, P.A., respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiff, and that this Court award costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927, 15 U.S.C. § 1692k, and Fla. Stat. §§ 559.77 and 57.105 in favor of Defendant, and award any other relief in favor of Defendant that this Court deems just and appropriate.

Dated: December 23, 2010

*s/David P. Hartnett*
David P. Hartnett
Florida Bar No. 946631
dhartnett@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard, Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant ZAKHEIM & ASSOCIATES, P.A.

Case No.: 10-CV-24297- Altonaga/Brown

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 23, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Andrew I. Glenn, Esq.
J. Dennis Card
Card & Glenn, P.A.
2501 Hollywood Boulevard
Suite 100
Hollywood, FL   33020
Tel:   954-921-9994
Fax:   954-921-9553
aglenn@cardandglenn.com
dcard@cardandglenn.com
Attorneys For Plaintiff

    */s/ David P. Hartnett*
    David P. Hartnett